IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BOYD LOGNION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-00466-JD |
| | ) | |
| STALLION OILFIELD SERVICES LTD., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Motion to Dismiss ("Motion") [Doc. No. 19] filed by Stallion Oilfield Services Ltd. ("Stallion"). The Motion seeks dismissal of Boyd Lognion's ("Lognion") Amended Complaint [Doc. No. 17] under Federal Rule of Civil Procedure 12(b)(3) for improper venue. If the Court does not dismiss the case, the Motion seeks transfer to the Southern District of Texas, Houston Division, and dismissal of Lognion's failure to accommodate claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants the Motion in part and transfers the action.

**I.     BACKGROUND**

Lognion worked for Stallion from 2016 to 2020. *See* Am. Compl. [Doc. No. 17] ¶ 8. He worked in Stallion's Midland, Texas location and served as superintendent. *See* Decl. of Chrysta Dansby ("Dansby Decl.") [Doc. No. 19-1] ¶ 7. Stallion's headquarters are in Houston, Texas. *Id.* This is also where Stallion keeps its business and employment records. *Id.*

In 2020, Lognion was diagnosed with a heart condition and blood clot in a major artery. *See* Am. Compl. ¶ 9. Shortly after, Lognion was admitted to the hospital and underwent surgery. *Id.* ¶ 11. After his surgery, Lognion took time off from work to recover. *Id.* ¶ 12. While Lognion was out on leave, management in Midland[1] made the decision to move him to the position of operator. Dansby Decl. ¶ 7. However, Lognion did not return to work. *Id.*

When Lognion's short-term disability leave benefits expired, one of Stallion's managers[2] in Houston terminated Lognion's employment. *Id.* Stallion informed him of this decision by emailing him a letter. *See* Termination of Employment Letter [Doc. No. 20-3].

Lognion brought this action, alleging Stallion's actions violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, and the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654. He alleges that venue is proper because the unlawful employment practice occurred in Oklahoma. *See* Am. Compl. ¶ 5.[3]

---

[1] Lognion's supervisor in Midland was Robert Domingue. Domingue's last known address is in Church Point, Louisiana. Dansby Decl. ¶ 7.

[2] Lydia Olsen, one of Stallion's former managers, terminated Lognion's employment. Olsen's last known address is in Katy, Texas. *Id.*

[3] The venue alleged in the Amended Complaint and the only arguments made by the parties in their briefing concern the ADA claim and where the alleged unlawful employment practice occurred. *Cf. Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1259 (10th Cir. 2018) (recognizing that arguments not made before the district court are forfeited). Thus, the Court focuses on the ADA claim regarding whether venue is proper and does not separately analyze the FMLA claim. However, many of the same factors discussed below support the venue transfer to the Southern District of Texas, Houston Division, for the FMLA claim too. *See supra* n.4.

## II. LEGAL STANDARD

The plaintiff bears the burden of proving venue is proper. *See Pierce v. Shorty Small's of Branson*, 137 F.3d 1190, 1192 (10th Cir. 1998). In reviewing motions to dismiss for improper venue, courts can consider evidence outside the complaint such as affidavits submitted by the defendant. *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1260 (10th Cir. 2012). "[A] plaintiff may rest on the well-pled facts in the complaint to oppose a motion to dismiss for improper venue, but 'only to the extent that such facts are uncontroverted by defendant's' evidence." *Id.* (quoting *Pierce*, 137 F.3d at 1192). When venue is improper, "the decision of whether to dismiss or transfer [a case] lies within the sound discretion of the district court." *Pierce*, 137 F.3d at 1191.

## III. ANALYSIS

Lognion argues that venue is proper in the Western District of Oklahoma because Stallion terminated him via a letter that was emailed to him in the Western District of Oklahoma and all of the adverse actions taken by Stallion were directed at him in Oklahoma.

### A. Venue is improper in the Western District of Oklahoma.

Title VII's powers, remedies, and procedures also apply to the ADA. 42 U.S.C. § 12117(a); *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 285 (2002). Accordingly, Title VII's venue provision applies to suits brought under the ADA. *See* 42 U.S.C. § 2000e–5(f)(3). "It has long been settled in this circuit that this provision, rather than the general venue statute, governs" such actions. *Pierce*, 137 F.3d at 1191. The venue provision, § 2000e–5(f)(3), states:

3

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

Because Lognion does not allege that Stallion maintains or administers its employment records in Oklahoma or that he would have worked in Oklahoma but for Stallion's conduct, the Court focuses its analysis on whether Oklahoma is the state in which the unlawful employment practice is alleged to have been committed.

Here, it is not. Lognion alleges that Stallion's decisions to (1) "demote" him from his role as superintendent and (2) terminate his employment were unlawful under the ADA. Both decisions, however, were made in Texas, not Oklahoma. The statute states venue is proper where the unlawful practice was *committed*, not where the employee was when he learned about it. Since the decisions to demote and terminate Lognion were made in Texas, Texas is where the alleged wrongful conduct was committed. *See, e.g., Kennicott v. Sandia Corp.*, 314 F. Supp. 3d 1142, 1170–71 (D.N.M. 2018) ("[C]ourts generally hold that the place where the 'unlawful employment practice is alleged to have been committed' is the place where the employer 'made the decision' which is the subject of the complaint, not the place where the 'effects are felt.'" (quoting *Whipstock v. Raytheon Co.*, No. 07-11137, 2007 WL 2318745, at *3 (E.D. Mich. Aug. 10, 2007))); *Tipnis v. Emery Tel.*, No. 06-cv-02402-WYD-CBS, 2007 WL 1306495, at *2 (D. Colo. May 3, 2007) ("'[T]he Court must look to the place where the [ ] decisions and actions

4

concerning the employment practices occurred.'") (quoting *Ifill v. Potter*, No. 05-2320, 2006 WL 3349549, at *2 (D.D.C. Nov. 17, 2006)) (alteration added to correct *Ifill* quotation); *Allen v. Bolger*, 597 F. Supp. 482, 486 (D. Kan. 1984) (stating that venue was proper where "the unlawful practice was committed" not where "merely [the] effects" of the unlawful practice played out). Thus, the Court concludes that, under § 2000e–5(f)(3), venue is improper in the Western District of Oklahoma.

> **B.     In the interest of justice, the Court transfers the case to the Southern District of Texas, Houston Division.**

Lognion asks that, if venue here is improper, the Court transfer the case instead of dismissing it. He states, since his claims were brought under the ADA, he was required to file them within 90 days of receiving his notice of right to sue. Lognion explains that if the Court dismisses his suit, he will be precluded from refiling since the 90-day time frame will have already expired.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Lognion is correct that "to bring a civil action under . . . the ADA," he must do so "within 90 days from receipt of" his "notice of right to sue." 29 C.F.R. § 1601.28(e). Accordingly, in the interest of justice, the Court transfers this case to the Southern District of Texas, Houston Division. Venue will be proper there since that is a judicial district in the state where the unlawful employment practice (Lognion's termination) is

5

alleged to have been committed and since that is also where Stallion maintains its employment records.[4]

Because the Court is transferring the case for improper venue, it does not reach the merits of Stallion's Motion to Dismiss Lognion's ADA claims for failure to state a claim.

## IV.  CONCLUSION

Since venue in the Western District of Oklahoma is improper, under 28 U.S.C. § 1406(a), and in the interest of justice, the Court grants the Motion in part and orders that this case be transferred to the United States District Court for the Southern District of Texas, Houston Division.

IT IS SO ORDERED this 20th of November 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[4] Section 2000e–5(f)(3) shows that venue can be proper in more than one district. Here, venue may also be proper in the Western District of Texas, Midland Division since that is a judicial district in the state where the unlawful employment practice (Lognion's demotion) is alleged to have been committed and also where Lognion would have worked but for Stallion's alleged unlawful employment practice. However, the Court opts to transfer the case to the Southern District since that is where Stallion's headquarters is located and where its records are stored. It is also closer to where possible witnesses, such as Domingue and Olsen, live.